GOSHORN, Judge.
The facts in this case are not disputed. Hedglin deposited three bank drafts, each stating on its face:
This draft is payable only upon receipt and verification by the payor of the title to the motor vehicle described above but in no event more than 30 days after sale.
The collecting bank granted immediate credit. Each draft was subsequently dishonored by the payor bank because the titles were not attached. Hedglin was then charged with violating § 832.05(3)(a), Florida Statutes (1987).
After the trial court denied his motion to dismiss, Hedglin entered a plea of nolo contendere to three counts of depositing items with the intent to defraud. The plea was entered pursuant to an agreement allowing him to appeal the denial of his motion.
The sole question on appeal is the construction of § 832.05(3)(a), Florida Statutes (1987), which provides:
(3) CASHING OR DEPOSITING ITEM WITH INTENT TO DEFRAUD; PENALTY.—
(a) It is unlawful for any person, by act or common scheme, to cash or deposit any item, as defined in s. 674.104(l)(g), in any bank or depository with intent to defraud.
Hedglin argues that the instrument included in the definition of “item” under § 674.104(l)(g) must be a negotiable instrument; and, that his drafts were conditional promises to pay and therefore not negotiable.
We find no merit in his position. § 674.104(l)(g), Florida Statutes (1987) defines an “item”:
(g) “Item” means any instrument or electronically recorded, stored or transmitted message for the payment of money even though it is not negotiable, but does not include money ... (emphasis added)
Each of Hedglin’s drafts is an instrument for the payment of money and under the plain meaning of the statute need not be negotiable.
AFFIRMED.
DAUKSCH and COBB, JJ., concur.